DISTRICT OF COLUMBIA,
Petitioner,

v.

GENERAL TELERADIO, Inc.,
Respondent.

No. 12816.

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 7, 1956.
Decided March 1, 1956.

Mr. Henry E. Wixon, Asst. Corp. Counsel for the District of Columbia, with whom Messrs. Vernon E. West, Corp. Counsel, and Chester H. Gray, Principal Asst. Corp. Counsel, were on the brief, for petitioner. Mr. Hymie Nussbaum, Asst. Corp. Counsel at time of argument, also entered an appearance for petitioner.

Messrs. Robert K. Eifler, Washington, D. C., and Nathan Dreizen, New York City, of the bar of the Court of Appeals of New York, *pro hac vice*, by special leave of Court with whom Messrs. James C. Rogers and Seymour S. Mintz, Washington, D. C., were on the brief, for respondent.

Before WILBUR K. MILLER, BAZELON and DANAHER, Circuit Judges.

PER CURIAM.

This case arose under the District of Columbia Income and Franchise Tax Act, § 47–1551 et seq., D.C.Code (1951). The statute provides that gain realized from the sale or exchange of property held by the taxpayer for more than two years is not taxable income. On July 28, 1950, the respondent sold its radio and television station, together with the licenses for the operation thereof, and realized a net profit of more than $700,-000.00, attributable to the sale of its licenses.

As the then current station license had been issued by the Federal Communications Commission May 16, 1950, only about two months before its transfer, the assessor of the District of Columbia concluded the gain was taxable and assessed a tax accordingly.

The taxpayer appealed to the District of Columbia Tax Court, contending that the license really originated in 1946 when the Commission issued to its predecessor in title a station construction permit which carried with it the expectation that a station license would be issued thereafter and would be renewed periodically for the statutory period to which such license is limited. It argued

that its gain arose from the sale of that expectation and not merely from the sale of the license which was currently in effect when the sale was made. Judge Morgan of the Tax Court agreed that the asset had been held for more than two years before the sale, and for that reason cancelled the entire assessment and ordered a refund. The District of Columbia appeals. For the reasons given in Judge Morgan's opinion, we think the decision of the Tax Court was correct.

Affirmed.